IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE STRIBLING, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 05-CV-414 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the Court[1] is Defendant's Motion to Dismiss (Document No. 4), and Defendant's

Supplemental Brief (Document No. 10) in support of the Motion to Dismiss.  Having considered the

motion and supplemental briefing, the administrative record evidence that has been provided by both

sides, Plaintiff's claim in this case, as clarified by Plaintiff in his most recent submission (Document

No. 11), and the applicable law, the Court concludes, for the reasons set forth below, that

Defendant's Motion to Dismiss (Document No. 4) is GRANTED.

Plaintiff claims in this appeal that the Commissioner erred, and denied him Due Process,

when she failed to rule on, consider, or address, his request to reopen a Title XVI application for

supplemental security income benefits.  According to Plaintiff, while the Commissioner explicitly

denied his request to reopen prior Title II applications, the Commissioner made no ruling on his

request to reopen the prior February 2, 1999, Title XVI application.

A review of the parties' submissions in connection with Plaintiff's judicial admission that

---

[1] On May 11, 2005, pursuant to the parties' unanimous consent, this case was transferred
to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 7.

the Title XVI application he filed on February 2, 1999, was "initially denied on September 11, 1999", *see* Plaintiff's Reply (Document No. 11) at 2, convinces the Court that the Administrative Law Judge failed to consider Plaintiff's timely request to reopen the Title XVI application he filed on February 2, 1999.  No relief is available to Plaintiff in this appeal, however, because Plaintiff failed to timely file this appeal.

A final, unappealable decision of the Commissioner bars subsequent review of the same claim.  *See* 20 C.F.R. § 404.900(b) (1998) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."); 20 C.F.R. § 404.981 (1998) ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised."); 20 C.F.R. § 404.987(a) (1998)  ("Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final."); *see also Muse v. Sullivan*, 925 F.2d 785, 787 n.1 (5th Cir. 1991) (applying doctrine of administrative res judicata to that part of the plaintiff's claim under 42 U.S.C. § 405(g), which was denied in a previous administrative decision that was not appealed by the plaintiff).  That res judicata bar applies unless the Commissioner allows the reopening of the claimant's prior application.  See 20 C.F.R. §§ 416.1487- 416.1489.

A Title XVI application may be reopened as follows:

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault. . . .

20 C.F.R. § 416.1488.  Here, Plaintiff states that the Title XVI application he filed on February 2, 1999, was "initially denied" by the Commissioner on September 11, 1999.  On October 13, 2000, Plaintiff filed another Title XVI application.  Title XVI benefits were awarded in a notice dated March 7, 2001.  Thereafter, in a letter dated March 20, 2001, Plaintiff acknowledged receipt of the award for benefits, but expressed his desire to appeal that award for purposes of requesting the reopening of "one or more prior applications."  *See* Exhibit F to Plaintiff's Response to Defendant's Motion to Dismiss (Document No. 8).  An Administrative Law Judge, construing the letter as a request by Plaintiff to reopen his prior *Title II* applications, determined, in a written decision dated March 27, 2002, that the applicable four year limitations period for reopening a prior Title II application had expired.  Exhibit "G" to Plaintiff's Response to Defendant's Motion to Dismiss (Document No. 8).  No mention was made in that March 27, 2002, determination by the ALJ of Plaintiff's request to reopen the Title XVI application he filed on February 2, 1999.  In a letter dated April 9, 2002, Plaintiff advised the ALJ that no ruling had been made on his request to reopen the prior Title XVI application.  Exhibit H to Plaintiff's Response to Defendant's Motion to Dismiss (Document No. 8).  No mention is made by either side as to whether any action was taken by the Commissioner, or the ALJ, in response to letter dated April 9, 2002.

Plaintiff's appeal of the Commissioner's failure to consider his request to reopen the prior Title XVI application is untimely.  The ALJ's determination, about which Plaintiff complains, was made on March 27, 2002.  This appeal was filed on February 8, 2005, nearly three years later.  Under 42 U.S.C. § 405(g), this Court has jurisdiction to review a final decision of the Commissioner if an appeal is filed "within sixty days after the mailing to him of notice of such decision or within further time as the Commissioner of Social Security may allow".  Plaintiff's filing of this appeal falls well outside of the sixty day period for an appeal under § 405(g).[2]  Accordingly, this appeal is subject to dismissal, and it is

ORDERED that Defendant's Motion to Dismiss (Document No. 4) is GRANTED.

Signed at Houston, Texas, this 10th day of January, 2006.

Frances H. Stacy
United States Magistrate Judge

---

[2] To the extent there is an argument to be made that there has been no "final decision" of the Commissioner with respect to Plaintiff's request to reopen the Title XVI application he filed on February 2, 1999, the absence of such a final decision would likewise preclude review under § 405(g), which allows for judicial review of "any final decision of the Commissioner of Social Security."

4

5